UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABRELL JONES,

    Petitioner,                                       Civil Action No. 12-14157
                                                               HON. BERNARD A. FRIEDMAN

vs.

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

      Labrell Jones ("petitioner") is presently confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. He is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony-firearm, Mich. Comp. Laws § 750.227b. Respondent filed a motion for summary judgment arguing that the habeas petition is barred by the one-year statute of limitations found in 28 U.S.C. § 2244 (d)(1). Petitioner filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is dismissed.

**I. Background**

      Petitioner pleaded *nolo contendere* to the charged offenses in Wayne County Circuit Court in exchange for the dismissal of a first-degree murder charge and an agreement that petitioner would be sentenced to twenty to forty years in prison on the second-degree murder

charge. On December 4, 2002, the circuit court sentenced petitioner to twenty to forty years in prison on the second-degree murder conviction, one to five years in prison on the felon in possession of a firearm conviction, and received a consecutive two-year prison sentence on the felony-firearm conviction.

Petitioner, through appointed counsel, subsequently filed a motion to withdraw his *nolo contendere* plea, which was denied by the trial court on April 24, 2003.

Petitioner's appointed appellate counsel never filed a direct appeal of petitioner's conviction with the Michigan appellate courts. Beginning on August 13, 2004, counsel sent petitioner a letter indicating that he would file a M.C.R. 6.502 motion for relief from judgment on his behalf. Over three years later, counsel wrote to petitioner and indicated that he had been working on petitioner's brief and would visit him in October to discuss the case. On June 24, 2008, counsel sent petitioner a letter to re-schedule a canceled attorney-client visit. On March 31, 2010, counsel sent petitioner the "latest draft" of the brief and asked petitioner to let him know what he thought of it.

Petitioner indicates in his response to the motion for summary judgment that "when it became evident" that counsel would not "properly pursue post-conviction relief as promised," petitioner obtained the services of a fellow prisoner to assist him in the preparation of a post-conviction motion.

Thereafter, petitioner filed a post-conviction motion for relief from judgment in July 2010. The circuit court denied the motion, *People v. Jones,* No. 02-009461-01 (Wayne County Circuit Court, Aug. 6, 2010), and petitioner's motion for reconsideration. *People v. Jones,* No. 02-009461-01 (Wayne County Circuit Court, Sep. 9, 2010). The Michigan Court of Appeals

subsequently dismissed petitioner's application for leave to appeal the denial of the post-conviction motion because it was not filed within the time period proscribed under M.C.R. 7.205(F)(3). *People v. Jones,* No. 306751 (Mich. Ct. App. Jan. 17, 2012). The Michigan Supreme Court denied petitioner leave to appeal as well. *People v. Jones*, 492 Mich. 866 (2012).

Petitioner then filed the instant habeas petition, which is signed and dated September 10, 2012. [1]

## II. Discussion

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767,770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations governs the filing of petitions for habeas relief. *See Corbin v. Straub,* 156 F. Supp. 2d

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 10, 2012, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

833, 835 (E.D. Mich. 2001). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition requesting habeas relief must be dismissed where it is not filed within the one-year limitations period. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). For purposes of commencing the one-year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 F. App'x 111, 114 (6th Cir. 2002).

In the present case, the circuit court sentenced petitioner on December 4, 2002. From that time, petitioner had twelve months after his sentence to file a delayed application for leave to appeal. M.C.R. 7.205(F)(3). [2] He never did. Consequently, the judgment of sentence became

---

[2] In June of 2011, M.C.R. 7.205(F)(3) was amended to require that any delayed application for leave to appeal be filed with the Michigan Court of Appeals within six months of the judgment of sentence.

final one-year after the sentencing, at which time the limitations period for filing a direct appeal in the Michigan Court of Appeals expired. *See* M.C.R. 7.205(F)(3); *Williams v. Birkett,* 670 F. 3d 729, 731 (6th Cir. 2012). Petitioner's conviction, thus, became final on December 4, 2003 and the statute of limitations expired on December 4, 2004.

While petitioner filed a post-conviction motion for relief from judgment in July 2010, the motion did not toll the statute of limitations. This is because a state court post-conviction motion that is filed after the expiration of the limitations period has no tolling effect. *See* 28 U.S.C. § 2244(d)(2); *Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Moreover, the mere fact that petitioner raised a claim of ineffective assistance of appellate counsel in his post-conviction motion does not re-start the already expired one-year limitations period. *See Allen v. Yukins,* 366 F. 3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman,* 329 F. 3d 490, 493 (6th Cir. 2003).

Petitioner also failed to timely file an application for leave to appeal with the Michigan Court of Appeals within one year of the denial of his motion for relief from judgment. *See* M.C.R. 7.205(F)(3). A post-conviction application is considered "pending" within the meaning of 28 U.S.C. § 2244(d)(2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006)(citing *Carey v. Saffold*, 536 U.S. 214 (2002)). "[U]ntimely state collateral attacks are not properly filed and do not toll the statute of limitations." *Raglin v. Randle*, 10 F. App'x 314, 315 (6th Cir. 2001). Therefore, petitioner failed to toll the limitations period because he did timely appeal from the denial of his post-conviction motion.

-5-

In his response to the motion for summary judgment, petitioner argues that appellate counsel's failure to timely file an application for leave to appeal with the Michigan Court of Appeals constitutes an impediment that should delay the commencement of the limitations period. This argument is unavailing. A petitioner must allege or show facts which demonstrate that he "was so inhibited by the state's action that he was unable to file and state a cause of action before the limitation period expired." *Redmond v. Jackson*, 295 F. Supp. 2d at 772 (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000)). "The 'plain language' of § 2244(d)(1)(B) 'makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.'" *Id.* (quoting *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)).

In the present case, appellate counsel's failure to file a direct appeal does not constitute an impediment under 2244(d)(1)(B) because petitioner could have timely filed a *pro se* application for leave to appeal with the Michigan Court of Appeals within the one-year period under M.C.R. 7.205(F)(3). *See e.g. Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011) (denial of appointment of counsel did not serve as an impediment to delay the running of statute of limitations when petitioner could have timely filed a *pro se* application for leave to appeal on direct review). In any event, petitioner failed to show how this omission prevented him from either filing his post-conviction motion for relief from judgment or his habeas petition within the one-year limitations period. *See Miller v. Cason,* 49 F. App'x 495, 497 (6th Cir. 2002) (state trial court's failure to notify petitioner of his right to appeal, timely appoint counsel to perfect a belated appeal and timely prepare the trial transcripts was not a state-created impediment that tolled the limitations period).

Additionally, petitioner relies on *Missouri v. Frye,* 566 U.S. __, 132 S. Ct. 1399 (2012) and the companion case of *Lafler v. Cooper,* 566 U.S. __, 132 S. Ct. 1376 (2012) to support of his claim that trial counsel was ineffective for failing to advise him of a prospective plea bargain.

28 U.S.C. § 2244(d)(1)© indicates that the one-year limitations period may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review. *See Wiegand v. United States,* 380 F. 3d 890, 892-893 (6th Cir. 2004).

The aforecited precedents do not present new rules of constitutional law that would delay the commencement of the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C). The Supreme Court in *Frye* "merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985)." *Hare v. U.S.*, 688 F. 3d 878, 879 (7th Cir. 2012) (holding that *Frye* did not announce a new rule of constitutional law that would permit defendant to file a successive motion to vacate sentence). Thus, *Frye* and *Lafler* did not set forth a "newly recognized" right that is retroactively applicable to cases on collateral review, so as to extend the one-year limitations period. *See Baker v. Ryan,* 497 F. App'x 771, 773 (9th Cir. 2012); *U.S. v. Ocampo,* __ F. Supp. 2d __, 2013 WL 317621, *13 (E.D. Mich. Jan. 28, 2013).

Petitioner posits that the limitations period should be equitably tolled on the ground that appellate counsel never directly appealed his conviction. This contention is not convincing

because petitioner does not adequately explain why he filed his post-conviction motion almost six and a half years after the time for initiating a direct appeal had already expired. As a result, petitioner's lack of diligence in pursuing post-conviction relief precludes the application of equitable tolling in this case. *See Winkfield v. Bagley,* 66 F. App'x 578, 583-584 (6th Cir. 2003) (petitioner not entitled to equitable tolling where he offered no explanation for the almost ten-year delay between his last communication with counsel and the filing of his state court motion for leave to file delayed appeal); *Winters v. Edwards*, 27 F. App'x 327, 329 (6th Cir. 2001) (denying equitable tolling where counsel failed to file direct appeal and trial court failed to timely appoint counsel because petitioner waited over five years after conviction to file state collateral proceeding). Counsel's failure to file a post-conviction motion on petitioner's behalf would not toll the statute of limitations either because there is no constitutional right to the assistance of counsel in post-conviction proceedings. *Brown v. United States,* 20 F. App'x 373, 375 (6th Cir. 2001); *Cummings v. Yukins,* 197 F. Supp. 2d 785, 787 (E.D. Mich. 2002). As defendant has not provided the Court with sufficient cause to find that the limitations period should be tolled, the instant petition is dismissed because it is untimely.

### III. Certificate of Appealability

The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22(b) provide that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a clear procedural bar is presented to the Court and it us appropriate to dispose of the case on such grounds, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In view of the foregoing, reasonable jurists would not find it debatable whether the Court correctly determined that petitioner filed his habeas petition beyond the one-year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

Finally, the Court will deny petitioner leave to appeal *in forma pauperis* because such an appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that petitioner will denied leave to appeal *in forma pauperis.*

```
                              _s/ Bernard A. Friedman____
                              HON. BERNARD A. FRIEDMAN
                              SENIOR UNITED STATES DISTRICT JUDGE
```

Dated: _December 26, 2013
       Detroit, Michigan